IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL PRICE,

        Petitioner,               No. CIV S-06-1865 MCE KJM P

    vs.

B. CURRY,

        Respondent.           ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
2  providing the highest state court with a full and fair opportunity to consider all claims before
3  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
4  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

5        The state court has had an opportunity to rule on the merits when the petitioner
6  has fairly presented the claim to that court. The fair presentation requirement is met where the
7  petitioner has described the operative facts and legal theory on which his claim is based. Picard,
8  404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal
9  claim were before the state courts . . . or that a somewhat similar state-law claim was made."
10 Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

15 Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus
16 must include reference to a specific federal constitutional guarantee, as well as a statement of the
17 facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074,
18 2081 (1996).

19       Petitioner raises eight claims in his petition for writ of habeas corpus. Petitioner
20 has exhausted state court remedies only with respect to claim 8. Petitioner has three options at
21 this point. First, petitioner may elect to proceed only with claim 8.[2] Second, petitioner can ask
22 that this action be dismissed without prejudice to refiling after petitioner exhausts state court

---

[2] Petitioner is cautioned that if he chooses to proceed only on his exhausted claim he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

remedies with respect to all of his claims.[3]  Third, petitioner can file a motion for stay under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005).  In Rhines, the Supreme Court recognized the district court's authority to stay a mixed petition for writ of habeas corpus (one in which a habeas petitioner asserts some claims where state court remedies have been exhausted and some claims where state court remedies have not been exhausted) if the court finds good cause for petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust.  Petitioner will be granted thirty days to select one of these options.  Petitioner's failure to select one of these options within thirty days will result in a recommendation that this action be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted; and

2. Within thirty days of this order, petitioner shall either:

   a. Inform the court that he wishes to proceed only on claim 8 in petitioner's application for writ of habeas corpus;

   b. Inform the court that he wishes to have this action dismissed without prejudice; or

   c. File a motion for stay under Rhines v. Weber, 544 U.S. 269 (2005).

DATED: 10/19/06

UNITED STATES MAGISTRATE JUDGE

pric1865.103

---

[3] Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

3