1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT FOR THE

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   EARL PRICE,                              2:06-cv-01865-ATG (HC)

12            Petitioner,                     ORDER DENYING PETITION FOR WRIT
                                              OF HABEAS CORPUS
13        vs.
                                              (DOCUMENT # 29)
14   D.K. SISTO,

15            Respondent.

16   _____/

17        Earl Price is currently in the custody of the California Department of Corrections at the

18   State Prison in Solano,[1] serving a sentence of 14 years pursuant to a judgment of the Superior

19   Court of the State of California, in and for the County of San Joaquin, entered August 12, 2003.

20   A jury convicted Price of selling cocaine base in violation of California Health and Safety Code

21   section 11352.[2]

22   _____

23        [1] In his petition for habeas corpus, Price named Ben Curry as Respondent.  A proper

24   respondent must have day-to-day control over the petitioner.  *See Brittingham v. United States*,
     982 F.2d 378, 379 (9th Cir. 1992).  Because D.K. Sisto is the Warden at Solano, the clerk of
25   court is hereby directed to substitute him as Respondent in this matter.

26        [2] This information is taken from the factual summary contained in the unpublished opinion

27   of the California Court of Appeal, *People v. Price*, 2004 Cal. App. Unpub. LEXIS 8995 (Cal. Ct.
     App. 2004).  It is presumed correct unless rebutted with clear and convincing evidence.  28
28   U.S.C. § 2254(e)(1); *Cook v. Schriro*, 516 F.3d 802, 808 n.1 (9th Cir. 2008).

The trial court found that Price had two prior convictions for similar offenses and had served three prior prison terms.  The court sentenced him to serve consecutive terms of five years, the upper limit for his conviction under section 11352; two three-year terms for each of his prior narcotics convictions pursuant to California Health and Safety Code section 11370.2(a); and three one-year terms for each of his prior prison terms pursuant to California Penal Code section 667.5(b).[3]

Price timely appealed to the California Court of Appeal, which modified the judgment but affirmed his conviction and sentence on June 29, 2004.  After the United States Supreme Court issued its opinion in *Blakely v. Washington*, 542 U.S. 296 (2004), Price petitioned for rehearing and argued that the trial court's imposition of the upper term violated the Sixth Amendment because it was based on factors that were not found by a jury to be true beyond a reasonable doubt.  The Court of Appeal rejected the challenge in an unpublished opinion. *People v. Price*, 2004 Cal. App. Unpub. LEXIS 8995 (Cal. Ct. App. 2004).  Price appealed to the California Supreme Court, which denied review without prejudice pending its decisions in two cases that would determine the effect of *Blakely* on California law.  *People v. Price*, 2004 Cal. LEXIS 12124 (Cal. 2004).

Price then petitioned for a writ of habeas corpus in the San Joaquin County Superior Court, which issued a reasoned decision denying the petition on May 10, 2005.  He filed the

---

[3]  California Health and Safety Code section 11370.2(a) states: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment."

California Penal Code section 667.5(b) states: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

1   same petition with the California Court of Appeal, which issued a denial without comment on

2   June 9, 2005.  Price then sought review by the California Supreme Court, which denied his

3   request without comment on May 10, 2006.

4                                    **LEGAL STANDARD**

5        This petition for habeas corpus is reviewed under the provisions of the Antiterrorism and

6   Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996.  *Lockyer v.*

7   *Andrade*, 538 U.S. 63, 70 (2003).  Under the AEDPA standard, this court cannot grant a habeas

8   petition unless the state court decision was (1) "contrary to, or involved an unreasonable

9   application of, clearly established Federal law, as determined by the Supreme Court of the

10  United States," or was (2) "based on an unreasonable determination of the facts in light of the

11  evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  The term

12  "clearly established Federal law" refers to the holdings of the Supreme Court and not dicta.

13  *Carey v. Musladin*, 549 U.S. 70, 74 (2006).  "What matters are the holdings of the Supreme

14  Court, not the holdings of lower federal courts."  *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th

15  Cir. 2008) (en banc).

16       A state court decision is "contrary to" clearly established Supreme Court precedent if the

17  decision "contradicts the governing law set forth in" Supreme Court cases.  *Williams v. Taylor*,

18  529 U.S. 362, 405 (2000).  A state court decision constitutes an "unreasonable application" of

19  federal law "if the state court identifies the correct governing legal rule from [the Supreme]

20  Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."  *Id.*

21  at 407.  A federal court may not issue the writ simply by concluding in its independent judgment

22  that the state court applied federal law incorrectly.  *Id.* at 411.  "An '*unreasonable* application of

23  federal law is different from an *incorrect* application of federal law.'"  *Woodford v. Visciotti*, 537

24  U.S. 19, 25 (2002) (quoting *Williams*, 529 U.S. at 410).

25       Price has the burden of establishing that the state court's decision is contrary to or

26  involved an unreasonable application of Supreme Court precedent.  *Baylor v. Estelle*, 94 F.3d

27  1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth

28  Circuit precedent remains relevant persuasive authority in determining whether a state court

                                         -3-

1    decision is objectively unreasonable.  *See Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th

2    Cir. 1999).  AEDPA requires that this court "give great deference to the state court's factual

3    findings."  *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  The state court's

4    factual findings are presumed correct.  22 U.S.C. § 2254(e)(1).

5                                            **DISCUSSION**

6            In his petition, Price raises seven grounds for relief: (1) his right to a speedy trial was

7    violated because 76 days elapsed between his arraignment on the charges and the

8    commencement of his trial; (2) his Sixth and Fourteenth Amendment rights were violated

9    because he was compelled to appear before the jury in jail attire; (3) ineffective assistance of trial

10   counsel; (4) his Sixth and Fourteenth Amendment rights were violated because the trial court

11   failed to obtain a knowing and intelligent waiver on his right to a jury trial on his prior

12   convictions; (5) his Fourteenth Amendment due process rights were violated because the trial

13   court failed to issue a sua sponte jury instruction on entrapment; (6) ineffective assistance of

14   appellate counsel; and (7) his Sixth Amendment right to a jury trial was violated because the trial

15   court relied on factors other than his prior convictions that were not found by a jury to be true

16   beyond a reasonable doubt when the court imposed an upper-term sentence.

17           The exhaustion doctrine requires a petitioner to provide the state court with the

18   opportunity to rule on the federal aspect of each claim prior to bringing it into federal court.  *See*

19   *Baldwin v. Reese*, 541 U.S. 27, 29 (2005); *Fields v. Waddington*, 401 F.3d 1018, 1020–21 (9th

20   Cir. 2005).  The State concedes that Price has exhausted all claims except claim two, which it

21   asserts that Price did not exhaust because he failed to allege facts with sufficient particularity to

22   justify relief.  Notwithstanding Price's alleged failure to exhaust this claim, this court may

23   nonetheless deny the claim on the merits.  28 U.S.C. § 2254(b)(2).  Because the California

24   Court of Appeal and California Supreme Court both summarily denied Price's petitions, this

25   court will "look through" these summary dispositions to the last reasoned decision, which is that

26   of the San Joaquin County Superior Court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04

27   (1991).

28

                                                 -4-

**I. Claims One, Four, and Five**

Price asserts in claim one that the trial court violated his right to a speedy trial because 76 days passed between the date on which he was arraigned on the complaint and the start of his trial; in claim four that the trial court did not obtain a knowing and intelligent waiver of his right to a jury trial on his prior convictions; and in claim five that the trial court failed to provide a sua sponte jury instruction on the law of entrapment. The State argues that these claims are procedurally barred because they were not raised on direct appeal.

Price raised these claims in his state court habeas petition, and the superior court found they were procedurally barred under *In re Dixon*, 41 Cal. 2d 756 (1953), because they were matters that were apparent in the record and could have been raised on direct appeal. The superior court also found that the claims were without merit or factual support.

The United States Supreme Court has held that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A state procedural rule is independent of federal law unless it "fairly appears to rest primarily on federal law, or to be interwoven with federal law." *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983). A state procedural rule is adequate if it is "well-established and consistently applied." *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003) (citing *Poland v. Stewart*, 169 F.3d 579, 577 (9th Cir. 1999)). Although the superior court found these claims to be without merit as well as procedurally barred, "[a] state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim." *Bennett*, 322 F.3d at 573, 580 (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991)).

In California, the general rule is that "habeas corpus cannot serve as a substitute for appeal" unless the petitioner can demonstrate "special circumstances" that justify his failure to raise the alleged errors on direct review. *In re Walker*, 10 Cal. 3d 764, 773 (Cal. 1974) (quoting

*Dixon*, 41 Cal. 2d at 759).  In *In re Robbins*, 18 Cal. 4th 770 (Cal. 1998), the California

Supreme Court announced a prospective rule that decisions as to whether the *Dixon* procedural

default rule applies rest solely on state law grounds, thereby rendering the *Dixon* bar an

independent state procedural rule.  *See, e.g.*, *Bennett*, 322 F.3d at 582 (recognizing "the

California Supreme Court's sovereign right to interpret its state constitution independent of the

federal law").  In *Bennett*, the Ninth Circuit Court of Appeals held that when the state pleads

"the existence of an independent and adequate state procedural ground as an affirmative defense,

the burden to place that defense in issue shifts to the petitioner," who may "satisfy this burden by

asserting specific factual allegations that demonstrate the inadequacy of the state procedure,

including citation to authority demonstrating inconsistent application of the rule." *Id*. at 585–86.


          Here, Price has neither demonstrated cause for his failure to raise these claims on direct

review nor shown that actual prejudice resulted from the alleged violations of federal law.  The

only attempt Price has made to explain why this claim was not raised on direct review is his

assertion of ineffective assistance of appellate counsel.  He does not, however, assert ineffective

assistance as the cause for his procedural default.  Instead, Price asserts his appellate counsel's

failure to raise these claims as an example of his alleged ineffective assistance.  As discussed

below, however, because he has not established that his appellate counsel's performance was

deficient under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), he cannot

establish attorney error as the cause for his procedural default.  *See Murray v. Carrier*, 477 U.S.

478, 488 (1985) (stating that "cause for a procedural default must ordinarily turn on whether the

prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule," but recognizing that ineffective assistance of counsel

may cause procedural default).  Likewise, he has not attempted to demonstrate the inadequacy

or inconsistent application of the *Dixon* bar.  Therefore, claims one, four, and five are

procedurally barred from federal review.

          Even if this court were to reach the merits of these claims, Price would not prevail.  With

regard to the speedy trial claim, Price has not alleged facts sufficient to entitle him to federal

habeas relief.  Although he asserts that the passing of 76 days between his arraignment on the complaint and the start of his trial violated a California statute that requires a felony defendant to be brought to trial within 60 days of being arraigned on an indictment or information, "a habeas court may not grant the writ on the basis of errors of state law whose combined effect does not violate the Federal Constitution."  *Parle v. Runnels*, 387 F.3d 1030, 1045 (9th Cir. 2004) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Likewise, the fact that more than the statutory time limit may have elapsed prior to trial does not necessarily result in a violation of a defendant's right to a speedy trial, as the Sixth Amendment does not create a bright-line rule. *See, e.g.*, *Doggett v. United States*, 505 U.S. 647 (1992); *Barker v. Wingo*, 407 U.S. 514 (1972) (outlining a four-part balancing test to guide ad hoc inquiries into alleged Sixth Amendment speedy trial violations).  Price does assert that the delay caused actual prejudice because the trial court's "attempt to get him into court promptly" resulted in the jury seeing him in jail attire, but he provides no factual support for this assertion.  In fact, the record shows that Price appeared in street clothes during pretrial motions, indicated that he intended to wear street clothes the following day, and was identified in court by a witness who described him as wearing a gray shirt with stripes on it, not the jail clothing that Price alleges he wore during trial.

Price's claim that the trial court failed to obtain a knowing and intelligent waiver on his right to a jury trial on the issue of his prior convictions is also without merit.  The trial court relied on the fact of Price's prior convictions for related offenses to impose two consecutive three-year sentences pursuant to California Health and Safety Code section 11370.2(b).  Price does not point to anything in the record indicating that he did not give a knowing and intelligent waiver of his right to a jury trial on this issue.  The hearing transcript reveals that Price's trial counsel discussed with him whether he preferred the jury or the judge to determine whether the alleged prior convictions and prison terms were true.  Further, the trial judge asked Price twice whether it was his wish to waive a jury trial on the prior conviction and prison term allegations, and Price twice responded in the affirmative.

In claim five, Price argues that the trial court denied him due process of law under the Fourteenth Amendment by failing to instruct, sua sponte, the jury on the law of entrapment,

which he asserts was warranted in light of the police informant's motive to purchase drugs from Price in order to avoid facing charges for possession.  Price fails, however, to establish how the informant's alleged improper motive resulted in entrapment.  "A valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct."  *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citations omitted).  Predisposition is the "principal element" and "focuses upon whether the defendant was an 'unwary innocent' or instead an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime."  *Id.* (citations omitted).  Price has pointed to nothing that indicates he was an "unwary innocent" lacking the predisposition to commit the crime for which he was convicted.  Rather, the fact that he has two prior related offenses and was on probation at the time of his arrest points strongly to the fact that he was an "unwary criminal."  Further, when the issue of a jury instruction on entrapment was discussed during trial, Price's trial attorney, the prosecutor, and the trial judge engaged in a lengthy discussion of the issue and all agreed that, as a matter of law, the evidence did not support a defense of entrapment and that any instruction on the issue would confuse the jury in light of the fact that Price's attorney had not asserted it during trial and did not intend to raise it during his closing argument.

Therefore, this court has no basis on which to determine that the state court's decision on Price's first, fourth and fifth claims was based on an unreasonable determination of the facts, or was contrary to or involved an unreasonable application of clearly established federal law.

**II. Claim Two**

In his second claim for relief, Price asserts that his Sixth and Fourteenth Amendment rights were violated because he was compelled to appear before the jury in jail attire.  This claim fails for two reasons.

First, as discussed above, nothing in the record indicates that Price appeared before the jury in jail attire.  The record reflects that during pre-trial motions, Price was wearing street clothes and stated "this will work" in response to comments that the trial judge and Price's attorney made about his clothes.  A witness identified Price by reference to the gray shirt with

-8-

stripes on it that he wore during trial, not the jail attire that Price claims he appeared in.  The

issue of Price's clothing does not appear at any other point in the record.  Although Price points

to a discussion between his attorney and the trial judge regarding whether the jury had

knowledge that Price was in custody during trial as factual support for this claim, nothing in that

discussion indicates that Price appeared before the jury in jail attire.

Second, the United States Supreme Court has held that

> although the State cannot, consistently with the Fourteenth Amendment, compel an
> accused to stand trial before a jury while dressed in identifiable prison clothes, the
> failure to make an objection to the court as to being tried in such clothes, for
> whatever reason, is sufficient to negate the presence of compulsion necessary to
> establish a constitutional violation.

*Estelle v. Williams*, 425 U.S. 501, 512–13 (1976).  Even if Price had appeared in jail attire, the

fact that his attorney did not object compels the conclusion that no constitutional violation

occurred.  Therefore, this court has no basis on which to determine that the state court's

decision on Price's second claim was based on an unreasonable determination of the facts, or

was contrary to or involved an unreasonable application of clearly established federal law.

**III. Claims Three and Six**

In his third claim for relief, Price argues that his trial counsel was ineffective for not

making hearsay objections to the admission of video and audio tapes of the drug transaction

between Price and the confidential police informant, the informant's trial testimony, and the

police officers' testimony regarding the amount of money that the officers gave to the informant

to purchase the cocaine.  He further argues that his trial counsel was ineffective for not

requesting a jury instruction on entrapment, for agreeing with the court and prosecutor that, as a

matter of law, the evidence did not support a defense of entrapment, for failing to investigate

whether the police had a warrant or probable cause to arrest him, and for failing to meet with

him while awaiting trial.  In his sixth claim for relief, Price argues that his appellate counsel was

ineffective because he failed to raise all meritorious claims on direct appeal.  Price appears to

refer to claims one through six of his current habeas petition as the meritorious claims that his

appellate counsel should have raised on direct appeal.

To establish a claim of ineffective assistance of counsel, a convicted defendant must

show that "counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, "the defendant must show that the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," and that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. The *Strickland* standard applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel need not raise every nonfrivolous issue requested by a client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Price's claim of ineffective assistance of trial counsel fails. He neither explains the basis for his assertion that the challenged evidence was hearsay, nor demonstrates that any hearsay objection, if made, would have been sustained. As discussed above, a careful review of the facts establishes that, as a matter of law, Price was not entitled to a jury instruction on entrapment. Further, Price provides no factual support for his claim that his trial counsel failed to investigate the circumstances of his arrest or meet with him prior to trial.       Likewise, Price's claim of ineffective assistance of appellate counsel fails. As stated above, appellate counsel need not raise every nonfrivolous argument requested by a defendant. And, as discussed throughout this order, the claims that Price asserts are meritorious and should have been raised by his appellate counsel are in fact either unsupported by the record or without legal basis.

Price's conclusory allegations of ineffective assistance of counsel do not meet the "highly demanding" standard of *Strickland*. *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) ("Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and be entitled to retrial without the challenged evidence."). He has not shown that the performance of his trial or appellate counsel was so deficient as to render the result of his trial unreliable. Therefore, this court has no basis on which to determine that the state court's decision on these claims was based on an unreasonable determination of the facts, or was contrary to or involved an

1    unreasonable application of clearly established federal law.

2    **IV. Claim Seven**

3           In his final claim for relief, Price asserts that his Sixth Amendment right to a jury trial

4    was violated because the trial court relied on factors other than his prior convictions that were

5    not found by a jury to be true beyond a reasonable doubt when the court imposed an upper-term

6    sentence of five years under California Health and Safety Code section 11352.  In imposing the

7    upper-term sentence, the trial court relied on the following factors: the crime showed planning

8    and sophistication; the quantity of drugs sold was more than an average street buy; Price was on

9    felony probation at the time of the offense; and his performance on probation and parole had

10   been unsatisfactory.

11          These facts were neither tried to a jury nor proven beyond a reasonable doubt.  Price's

12   trial counsel did not object to their use during sentencing.  On direct appeal, Price challenged his

13   sentence, asserting that it violated the rules set forth in *Apprendi v. New Jersey*, 530 U.S. 466

14   (2000)*,* and *Blakely v. Washington*, 542 U.S. 296 (2004).  Citing *United States v. Cotton*, 535

15   U.S. 625, 631 (2002), the California Court of Appeal affirmed the sentence, holding that

16   because the *Apprendi* error "did not seriously affect the fairness, integrity, and public reputation

17   of the judicial proceedings," Price's failure to object during trial forfeited his right to raise the

18   issue on appeal.  *People v. Price*, 2004 Cal. App. Unpub. LEXIS 8995 (Cal. Ct. App. 2004).

19   The California Court of Appeal also found that, "if the trial court had anticipated the holding in

20   *Blakely*, it would have cited defendant's prior convictions as a basis for the upper term," thereby

21   rendering its reliance on other factors harmless.  *Id.*

22          At the time of Price's trial and sentencing, California's determinate sentencing law (DSL)

23   stated "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three

24   possible terms, the court shall order imposition of the middle term, unless there are

25   circumstances in aggravation or mitigation of the crime." Cal. Penal Code § 1170(b).  In

26   *Cunningham v. California*, 549 U.S. 270, 288 (2007), the United States Supreme Court held

27   that, under *Blakely*, the middle term is the statutory maximum and that "[b]ecause circumstances

28   in aggravation are found by the judge, not the jury, and need only be established by a

1   preponderance of the evidence, not beyond a reasonable doubt, the DSL violates *Apprendi*'s

2   bright-line rule" that all facts other than a prior conviction must be tried to a jury and proved

3   beyond a reasonable doubt.  The Ninth Circuit Court of Appeals has held that because Supreme

4   Court precedent, beginning with *Apprendi* and moving to *Blakely* and *United States v. Booker*,

5   543 U.S. 220 (2005), compelled this conclusion, *Cunningham* "did not announce a new rule of

6   constitutional law and may be applied retroactively on collateral review."  *Butler v. Curry*, 528

7   F.3d 624, 634–35, 639 (9th Cir. 2008).

8        The Supreme Court has held that sentencing errors are properly reviewed under harmless

9   error analysis.  *Washington v. Recuenco*, 548 U.S. 212 (2006).  Under harmless error analysis,

10  this court "must determine whether 'the error had a substantial and injurious effect on [Price's]

11  sentence."  *Butler*, 528 F.3d at 648.  A defendant is entitled to relief if this court is "in 'grave

12  doubt' as to whether a jury would have found the relevant aggravating factors beyond a

13  reasonable doubt."  *Id*. (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).  Under

14  California law, "only one aggravating factor is necessary to set the upper term as the maximum

15  term."  *Id*.  *See also People v. Black*, 41 Cal. 4th 799, 815 (2007) (stating that "under the DSL

16  the presence of one aggravating circumstance renders it lawful for the trial court to impose an

17  upper term sentence").  Therefore, an *Apprendi* error is "harmless if it is not prejudicial as to just

18  one of the aggravating factors at issue."  *Butler*, 528 F.3d at 648.  This court "may consider

19  evidence presented at sentencing proceedings" when "conducting harmless error review of an

20  *Apprendi* violation."  *Id*.

21       Any *Apprendi* error that occurred here was harmless for two reasons.  First, as the trial

22  judge noted during sentencing, Price's record reflected a total of nine prior felony convictions.

23  Under California Penal Code section 1170(b), two of Price's prior narcotics convictions were

24  not eligible as aggravating factors because the trial judge had already used them to impose

25  sentence enhancements under California Health and Safety Code section 11370.2(a).  *See* Cal.

26  Penal Code § 1170(b) ("[T]he court may not impose an upper term by using the fact of any

27  enhancement upon which sentence is imposed under any provision of law.").  Despite this, the

28  judge could have used any of the seven prior felony convictions as an aggravating circumstance

to justify the imposition of the upper-term sentence without implicating Price's Sixth Amendment right to a jury trial. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Price's criminal history was also discussed in detail during pretrial proceedings. At no point did he contest or object to his prior felony record.

Second, the trial judge relied on Price's unsatisfactory performance on parole and probation as an aggravating circumstance. A careful review of Price's parole and probation history reveals numerous parole violations and leaves this court with no doubt that a jury would have found this factor true beyond a reasonable doubt. Any error that resulted from not submitting this aggravating factor to a jury was harmless. Therefore, this court has no basis on which to determine that the state court's decision on this claim was based on an unreasonable determination of the facts, or was contrary to or involved an unreasonable application of clearly established federal law.

Accordingly, the petition for writ of habeas corpus is DENIED.

Dated:          January 7, 2009

/s/ Alfred T. Goodwin

_____
ALFRED T. GOODWIN.
United States Circuit Judge
Sitting by designation

-13-